### DOUGLAS v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Second Department.   May 12, 1905.)

1. SALE—ACTION FOR PRICE—EVIDENCE.

    In an action against a railroad for the value of sand and gravel taken from plaintiff's land, evidence examined, and whether there was any understanding on the part of defendant that it was to pay for the gravel *held* a question for the jury.

2. AGENCY OF HUSBAND—EVIDENCE.

    Evidence *held* sufficient to show that plaintiff's husband acted as her agent in making arrangements with the defendant for the taking of gravel from plaintiff's premises.

Appeal from Trial Term.

Action by Catherine Douglas against the New York Central & Hudson River Railroad Company.   From a judgment in favor of defendant, and an order denying a motion for a new trial, plaintiff appeals.   Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and RICH, JJ.

Theodore Sutro, for appellant.

George H. Walker, for respondent.

WOODWARD, J.   Briefly, the facts in this case are that the plaintiff, who lives with her husband near Pleasantville, Westchester county, is the owner of certain real estate lying adjacent to the railroad of the defendant.   On the 5th day of March, 1901, plaintiff's husband wrote to the chief engineer of the defendant as follows:

"Dear Sir: On the Harlem Railroad at the overhead bridge between Pleasantville station and Shearman Park station I own a strip of land between the railroad and the street which is called Marble avenue, it is this shape [showing a rough sketch]. My land is about 15 feet higher than the street and railroad. [Rough sketch.] Now I am taking this land away so as to make it level with the railroad and I would wish that the railroad people would take the bank away plum to these lines or more so as to save the bother of taking it away later &c. If you should come here to see it I live in the house next the bridge." ·

To this letter the chief engineer on the 16th of March replied:

"Dear Sir: Replying to yours of March 5th in regard to excavating material at the overhead bridge between Pleasantville and Sherman Park, beg to state that we should be glad to use as much of this material as we can dispose of."

Subsequently a representative of the defendant called at the premises indicated, and had the gravel bank pointed out to him by the plaintiff in person; and afterward the defendant constructed a switch, and for a period of several months was engaged in the work of removing this elevation from the plaintiff's land, using the same in ballasting its roadway. It is claimed on the part of the plaintiff, and denied by the defendant, that on the occasion of the visit of the defendant's representative, when the plaintiff pointed out the premises, the latter made some talk as to the value of the gravel and sand; but, aside from this, there appears to have been no mention of the question of compensation during a period of two or three months while the defendant was removing the bank. The plaintiff now brings this action to recover something over $1,000, the alleged value of the sand and gravel concededly taken by the defendant, and a jury has refused to grant the relief. The plaintiff appeals.

The plaintiff's theory is that as the premises belonged to the plaintiff, rather than her husband, the latter had no authority to give away the property, and the appeal appears to be based upon the theory that the learned court at trial term submitted to the jury only the question of the authority of the plaintiff's husband to give away some portion of her real estate. We are of opinion, however, that there was no question of a gift involved, and that the charge of the learned justice presiding fairly submitted all that there was in the case to the determination of the jury. The plaintiff does not question that the premises were correctly described in the letter written by her husband, or that they were engaged in an effort to reduce the height of the gravel embankment to the level of the railroad and highway, increasing its practical utility; and the letter, properly construed, as the learned court has construed it, has no other meaning than that the plaintiff, through her husband as her agent, proposed to the railroad company that it might have the gravel to use in its work, in consideration of its improving the plaintiff's premises. The plaintiff pointed out the premises to the defendant's representative and stood by for a period of two or three months while her premises were being brought down to the practical level of the highway and the railroad; and she now seeks to recover the alleged value of the gravel

and sand, without compensating the defendant for its work in improving her premises, based upon a vague suggestion alleged to have been made to the defendant's representative, and which the latter denies. We think the jury were justified in refusing to believe that there was ever any understanding on the part of the defendant that it was to pay for the gravel, except as this result was reached through the improvement of the plaintiff's premises, and that the determination of the jury that plaintiff's husband was acting as her agent in making this arrangement for the improvement of her premises was fully sustained by the evidence. The letter, coupled with the subsequent acquiescence of the plaintiff in all that was done, without any suggestion on her part that she intended to charge for the gravel, unless this suggestion was made to the representative of the defendant before any work was done, is sufficient to show his agency; and it would offend justice to permit the plaintiff to accept the labor of the defendant in bringing her premises to a practical grade, and at the same time to recover the alleged value of the sand and gravel. This latter was evidently an afterthought, and the jury refused to sanction the injustice.

The judgment and order appealed from should be affirmed, with costs. All concur.